David Tyrone SAMUEL, Petitioner–Appellant,

v.

John MARSHALL, Warden, Respondent–Appellee.

No. 05–55228.

United States Court of Appeals, Ninth Circuit.

Submitted July 9, 2007.*

Filed July 19, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

David Tyrone Samuel, CMCE—California Men's Colony East, San Luis Obispo, CA, pro se.

Heather L. Bushman, AGCA—Office of the California Attorney General, San Diego, CA, for Respondent–Appellee.

Before: LEAVY, THOMAS, and BERZON, Circuit Judges.

MEMORANDUM **

California state prisoner David Tyrone Samuel appeals pro se from the district court's judgment denying his 28 U.S.C. § 2254 petition. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Samuel contends that he has been denied due process because California Penal Code § 3041(c) requires that he be released from prison now. We disagree. Section 3041(c) and the statute it references do not apply to Samuel's life sentence for the first degree murder he committed on October 15, 1977 because those statutes apply only to certain felo-

Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

nies committed prior to July 1, 1977. *See* Cal.Penal Code § 3041(c); Cal.Penal Code § 1170.2. Samuel received the process he was due because there is some evidence to support the Board of Prison Terms' determination that he was not suitable for parole. *See Sass v. Cal. Bd. of Prison Terms,* 461 F.3d 1123, 1128 (9th Cir.2006). Thus, the California court's rejection of Samuel's due process claim did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d).

■ Samuel further contends that certain California parole statutes and regulations have been applied to him retrospectively to set his term in violation of the Ex Post Facto Clause. The California court concluded that "applicable base terms and post-conviction credit that may be due to petitioner cannot be considered until petitioner is found suitable for parole" and that, as a result, "[n]o ex post facto … concerns are implicated by the Board of Prison Terms' finding of parole unsuitability." We hold that the California court's decision was not contrary to, or an unreasonable application of, clearly established United States Supreme Court authority. *See* 28 U.S.C. § 2254(d).

■ We also hold that the district court did not abuse its discretion when it decided not to hold an evidentiary hearing. *See Harris v. Pulley,* 885 F.2d 1354, 1378 (9th Cir.1988).

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.